IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 05-30010-001 |
| ) | |
| **ELDON SHELTON,** ) | |
| ) | |
| **Defendant.** ) | |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Eldon Shelton's Motion for Compassionate Release (d/e 165) requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the motion is GRANTED.

**I. BACKGROUND**

On January 6, 2006, Defendant Shelton pled guilty to Count 1 and Count 2 of the Indictment. Count 1 charged Defendant with conspiracy to manufacture 50 or more grams of methamphetamine and/or 500 or more grams of mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Count 2 charged Defendant with conspiracy to

distribute 50 or more grams of methamphetamine and/or 500 or more grams of mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846On November 6, 2006, Defendant was sentenced to 270 months on both Counts 1 and 2 to run concurrently and 10 years of supervised release on both Counts 1 and 2 to run concurrently. On June 25, 2015, Defendant was granted a reduction in his sentence from 270 months to 240 months pursuant to 18 U.S.C. § 3582(c)(2) and U.S. Sentencing Guidelines Amendment 782, also called "Drug Minus Two."  Defendant Shelton is currently incarcerated at FCI Milan, and his projected release date is February 5, 2022.

Defendant is currently serving his sentence in FCI Milan.  He has a projected release date of February 5, 2022.  As of July 14, 2020, FCI Milan has several cases of COVID-19.  See COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed July 21, 2020). Three inmates have died from as a result of COVID-19 at FCI Milan. Id.

On May 29, 2020, Defendant filed a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). See d/e 165. On June 17, 2020, following the appointment of the Federal Public Defender's Office to represent Defendant, an Amended Motion for Compassionate Release was filed. See d/e 175. Defendant seeks compassionate release due to his health issues and the COVID-19 pandemic. Defendant is a 51-year-old male who has hypertension and hepatitis and is considered obese as he is 5'5" and 230 lbs. Defendant also argues that he has met the 30-day statutory exhaustion requirement found in 18 U.S.C. § 3582(c)(1)(A) because he submitted a request to the warden of his BOP facility over 35 days ago, but he has not received a response back.

On July 8, 2020, the Government filed a response stating that it does not object to Defendant's motion. See d/e 178.

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c). However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate

release if certain requirements are met.  See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A).  See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194.  Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief.  With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting 30 days from when the inmate made his or her request, whichever is earlier.  The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the

Page **4** of **11**

factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

### A.     Exhaustion

The Court concludes that § 3582(c)(1)(A) does not require the Court to wait to consider a compassionate release request if there is a credible claim of serious and imminent harm from this pandemic. That does not mean the Court will waive the exhaustion requirements in all cases. The decision must be made on a case-by-case basis.

In this case, Defendant argues that he submitted a request to the warden of FCI Milan over 30 days ago. See Amended Motion, d/e 175. The Government agrees that Defendant has satisfied the 30-day requirement. See Response, d/e 178. The Court finds that Defendant has met the 30-day requirement pursuant to 18 U.S.C. § 3582(c)(1)(A).

### B.  Compassionate Release

The Court begins with the factors set out in 18 U.S.C. § 3553(a).  Defendant Shelton is currently serving a 240-month term of imprisonment for one count of conspiracy to manufacture and one count of conspiracy to distribute 50 or more grams of methamphetamine and/or 500 or more grams of mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846.  Defendant was originally sentenced to 270 months, but his sentence was reduced by 30 months in June 2015.

Defendant Shelton has been in custody for over 15 years for his crimes.  Defendant argues that if a similarly situated defendant were sentenced today, the 851 enhancement would not be valid, which would make the mandatory minimum 10 years, not 20 years.  See Amended Motion, d/e 175.

While being incarcerated, Defendant has not incurred any disciplinary infractions.  See Probation's Memorandum, d/e 170. He has taken over 60 rehabilitation and educational programs.  See Exhibit to Amended Motion, d/e 175-2.  Defendant has shown he has spent his time while incarcerated trying to better himself.

Defendant is eligible for placement at a halfway house around August 5, 2021. That leaves only one year remaining for Defendant's incarceration.

The U.S. Probation Office has reviewed Defendant's release plan and suggested living arrangement and finds it suitable. <u>See</u> Probation's Memorandum, d/e 170. The Court has reconsidered the factors in § 3553(a) and concludes that they entitle Defendant to compassionate release.

The Court must also consider whether "extraordinary and compelling reasons warrant such a reduction" and is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and poses a serious issue for prisons. Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene and social distancing and isolation. Social distancing can be difficult for individuals living or working in a prison.

Defendant is a 51-year-old white male with hypertension and hepatitis and who is obese as he is 5'5" tall and weighs 230 lbs., which is a body mass index (BMI) of 38.3.  See Adult BMI Calculator, CDC, https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/english_bmi_calculator/bmi_calculator.html (last accessed July 21, 2020).  Being obese is a condition that increases Defendant's risk of serious illness or death of Defendant contracts COVID-19.  See People at Any Age with Underlying Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed July 20, 2020) ("People of any age with the following conditions are at increased risk of severe illness from COVID-19:. . . Obesity (body mass index [BMI] of 30 or higher) . . . Type 2 diabetes mellitus.")While the CDC does not specifically list hepatitis as a risk factor, the CDC states that people with liver disease "might be at an increased risk for severe illness from COVID-19."  Id.  Individuals with hypertension also "might be at an increased risk."  Id.

As of July 21, 2020, FCI Milan has 5 inmate and 1 staff member with active COVID-19 cases.  See COVID-19 Cases, Federal

Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed July 14, 2020).  The facility has had 3 inmates die as a result of COVID-19.  Id.   The facility has already had 147 cases of COVID-19 at the facility.  Id.

The Court also considers whether Defendant is a danger to the safety of any other person or to the community.  See U.S.S.G. § 1B1.13.[1]  If Defendant quarantines himself at his new place of residence away from any other household members, that will diminish the risk of spreading the virus.  Otherwise, the Court does not find that Defendant poses a danger to the community.

The Court, taking all the relevant facts into account, finds that Defendant has established that there exist extraordinary and compelling reasons that warrant a reduction in his term of imprisonment, and the Court finds that compassionate release is appropriate in this case.

---

[1] Section 1B1.13 of the Sentencing Guidelines has not been amended to reflect the First Step Act's amendment to 18 U.S.C. § 3582(c)(1)(A).  As it stands, § 1B1.13 refers to a reduction "upon the motion of the Director of the Bureau of Prisoners."  No policy statement provides guidance for when a defendant files a motion.  Nevertheless, the Court considers § 1B1.13.

### III. CONCLUSION

For the reasons set forth above, Defendant Shelton's amended motion for compassionate release (d/e 175) is GRANTED. The Court DENIES as MOOT the pro se motion filed by Defendant Shelton (d/e 165). The Court hereby reduces Defendant Shelton's term of imprisonment from 240 months on Counts 1 and 2 to time served plus 72 hours in order to allow BOP to test Defendant for COVID-19 and for Defendant to arrange transportation.

The Court modifies Defendant's conditions of supervised release to require Defendant to spend six months on home confinement, with the first 14 days to be spent in isolation. The home confinement shall start as soon as possible after his term of supervised release begins. Defendant shall be monitored by telephonic monitoring as approved by the United States Probation Office until such time as the U.S. Probation office is able to implement electronic monitoring. All other aspects of Defendant's sentence shall remain the same.

The Bureau of Prisons is ORDERED to immediately test Defendant Shelton for COVID-19. The Clerk is DIRECTED to send a copy of this Opinion to FCI Milan and Grand Prairie. Defendant

must self-quarantine for a period of 14 days beginning at the time of his release, including while he travels from the detention facility to his new place of residence. Defendant shall travel to his new place of residence in a vehicle that allows him to follow the CDC's social distancing guidelines, which include staying at least six feet from others and everyone wearing a face mask and gloves.

ENTER: July 21, 2020.

*s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE